```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

DAVID HAMILTON                                    CIVIL ACTION

VERSUS                                            NO. 06-3196

BURL CAIN, ET AL.                                 SECTION: "R"(4)

### ORDER

    The Court, having reviewed *de novo* the complaint, the applicable law, the Magistrate Judge's Report and Recommendation, and the plaintiff's objections to the Magistrate Judge's Report and Recommendation, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion herein.

    The Court finds, however, that one of petitioner's objections to the Report and Recommendation requires further discussion.  The Magistrate Judge found that petitioner filed his federal habeas petition over five and one-half years after the AEDPA filing period expired.  She further found that even equitably tolling some of the time, petitioner's habeas petition was two and one-half years past the AEDPA filing deadline.

Petitioner objects that the Magistrate Judge erred in finding his writ application to the Louisiana Supreme Court untimely.  Specifically, Hamilton contends that he is entitled to equitable tolling from the time when the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence on December 4, 2002, until he filed his writ application to the Louisiana Supreme Court in either May or June of 2003.[1]  Petitioner objects that as a result of multiple transfers within the prison system, he did not receive a copy of the Louisiana Fourth Circuit Court of Appeal's December 4, 2002 order[2] until May of 2003, and diligently filed his writ application shortly thereafter.

Petitioner's assertion that he was not aware of the Fourth Circuit's ruling until May is directly contradicted by the record.  The Court has reviewed petitioner's master prison record and transfer information and is aware of his five transfers between November 18, 2002 and April 28, 2003.[3]  Despite the transfers, petitioner received a copy of the Fourth Circuit's order on March 10, 2003.  On April 7, 2003, petitioner filed an

---

[1] St. Rec. Vol. 5 of 6, La. S. Ct. Writ Application, 03-KD-1641, 6/11/03 (signed 5/12/03, postmark not indicated).

[2] *State v. Hamilton*, 834 So. 2d 567 (La. App. 4th Cir. 2002); St. Rec. Vol. 4 of 6, 4th Cir. Opinion, 2002-KA-1281, 12/4/02.

[3] Petitioner's Traverse/Reply, Ex. A, R. Doc. 9-2 at 6-7.

application for writ of mandamus to the Fourth Circuit in an effort to procure copies of his trial transcripts.  In the application, petitioner explained that he needed the transcripts to respond to the Court's order affirming his conviction and sentence:

> And it should be noted to this Honorable Court, that it rendered its decision on relator's appeal, which this Honorable Court affirmed relator's conviction and sentence, No 2002-KA 1281 December 4, 2002 ... Relator received a copy of this Honorable Court decision March 10, 2003.  Therefore, relator can not attack this Honorable Court decision by way of "Writ of Certiorari" "Post Conviction" or "Habeas Corpus" effectively without pretrial transcripts and trial transcripts."[4]

It is clear from petitioner's application for writ of mandamus, filed April 7, 2003, that he was aware that the Fourth Circuit had "affirmed [his] conviction and sentence" in opinion "No 2002-KA 1281" dated "December 4, 2002."  Accordingly, the Magistrate Judge's ruling that Hamilton knew, by or before April 7, 2003 that he needed to pursue relief in the Louisiana Supreme Court is correct.  Petitioner's objection that he is entitled to further equitable tolling because he did not receive the Fourth Circuit's opinion until May of 2003 is therefore without merit.  Because petitioner's writ application to the Louisiana Supreme Court in May or June of 2003 was untimely filed it does not entitle

---

[4] St. Rec. Vol. 5 of 6, 4th Cir. Writ Application, 2003-K-0670, p.3, 4/9/03.

petitioner to further statutory or equitable tolling.

Accordingly, IT IS ORDERED that petitioner's claims are DISMISSED WITH PREJUDICE as time-barred.

New Orleans, Louisiana, this <u>16th</u> day of May, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE